May it please the Court, I'm Eric Weaver, appearing on behalf of Jimmy Rene Thomas. The issue I wanted to present some comments about is the evidence of third-party culpability issue. I think the Court of Appeal, the California Court of Appeal, reduced the consideration of this issue to whether the circumstances of Mr. Kimbrough's prior burglary conviction were similar to the circumstances of this alleged burglary. I think that's an unreasonable application of the law because that's not what the defendant was trying to prove. The evidence that the defendant was trying to prove were, first of all, that Mr. Kimbrough, excuse me, actually lived in the trailer that Mr. Thomas frequented, excuse me. Second, that there was property stolen that was from in the Naibo burglary was found there. Third, that Mr. Kimbrough had a similar appearance to the appellant. Fourth, that there was a prior burglary conviction. And fifth, that Mr. Kimbrough disappeared. So I think it was unreasonable to merely look at the elements of the prior burglary conviction and say they weren't similar. There was actually quite a bit of evidence here that linked the alleged third party directly to this case. But what is it you wanted to introduce? He wanted to introduce through the police officer the testimony that I just said, that why didn't they investigate the possibility that Mr. Kimbrough was guilty, had perpetrated this crime, when there were these points of service. Was Mr. Kimbrough available to testify? No. He had disappeared. And that was one of the elements that raised the suspicion that he was culpable. Well, what the judge said was that this introduced a whole collateral matter as to whether he was involved at all, and no witness to testify about that. Well, the police officer could testify about these specific elements, that he did live there, that obviously the stolen property was there. That linked both Thomas and Kimbrough to the incident. Also, there was evidence that Mr. Kimbrough had a similar appearance, and that he had this prior conviction, and he absconded. There was, of course, that it was alleged he absconded because he was under investigation in yet another offense. But it seems to me that it's more than merely to say that it's collateral. I guess in a sense all evidence of third party culpability is collateral. The question is whether that evidence is sufficient to raise the suspicion that this person committed the crime. I think if they hadn't had other evidence linking Thomas, this certainly would have been enough to bring Mr. Kimbrough in for questioning. I think in the magistrate's findings and recommendations, the magistrate said that there was no direct connection between the evidence that Mr. Thomas sought to introduce, relying on the people of the territory of Graham v. Ignacio. Again, I think that that's an unreasonable decision. There's direct evidence linking him. Where he lives is where the property is found. He has a similar appearance to Appellant. I think that that evidence actually directly links him. I recognize that he was, those facts are true. But I do think that there was enough evidence on this particular issue that he should have been allowed to present this evidence. I just wanted to talk briefly also about the insufficiency of the evidence as to the Luster burglary. That's the second one and the one that's not addressed by a respondent in their brief. There were three witnesses. There was the witness Luster who all of her testimony, which is recited in great detail by the California Court of Appeal, but all she established was that a burglary took place. She provided no evidence about the identity of the burglar. There was a picture of Appellant in the van in front of the house. With Luster's trays. Pardon me? With Luster's trays. Well, the trays were in the yard nearby. It seems to me that that's a picture, under both the federal and the California law, that establishes his presence with the stolen property without much more. And with that, I'll reserve the rest of my time. Thank you, Your Honor. Sean McCoy, Deputy Attorney General for Respondent. With respect to the third party culpability issue, what Appellant sought to elicit was testimony regarding the fact that Mr. Kimbrough had a prior burglary conviction, the trial court in the Court of Appeal, and the magistrate all noted that basically so what? There was no evidence linking Mr. Kimbrough to the burglary. It was Mr. Thomas. Well, they didn't live in the same trailer where they were, or at least partially lived there, where some of the material was found. That's true. Some of the property was found at that trailer. A bottle of pills was found in Mr. Kimbrough's wife's purse, and some of the property was there. Mr. Thomas also resided at that trailer. They testified, Kimbrough's wife testified that he frequented the trailer. The property that was found at the trailer had been taken from the Naibo house the day before, and Mr. Thomas was seen at the Naibo house three times the day of the burglary and twice on the day he was arrested, the very next day. Five times we can place Mr. Thomas at the Naibo residence. We can never place Mr. Kimbrough there. And Mr. Thomas, when he's arrested, is found in possession of property that was taken the day before during one of his first three visits to the Naibo house. With respect to the ---- Well, there is a lot of evidence against Thomas. I guess the question is whether it was error to not permit this other possibility that Kimbrough did. Mr. Thomas was not precluded from arguing the fact that Kimbrough did it. Mr. Thomas was not precluded from offering his own evidence that Mr. Kimbrough did it. There's no obligation that the police follow some additional lead that they bring in Mr. Kimbrough for questioning. There was the police found no evidence tying Mr. Kimbrough to the Naibo house. They had more than sufficient evidence to believe that Mr. Thomas, who had been there five times, who was found in possession of the property, who was found carrying out property from the Naibo house, was the person who, in fact, took the property from the Naibo house to the trailer that he frequented where Mr. Kimbrough also resided. So with that respect, the fact that Mr. Kimbrough had a prior burglary conviction, if Mr. Kim ---- if Mr. Thomas had wanted to testify to that, there's no evidence in the record that he was precluded from doing so. What he was precluded from doing was having the officer testify, isn't it true Mr. Kimbrough had a burglary conviction? Why didn't you check him out? Why didn't you call him in? With respect to the sufficiency of the evidence, the luster trays were taken from the van that was parked in front of the luster house. Mr. ---- Kennedy, what's the habeas test for determining the sufficiency of the evidence? Whether a ---- any rational trier of fact could have found the defendant guilty based on the evidence presented. And the California applies the Jackson standard just as this Court does. The facts showing the luster burglary were the morning that the van was taken is also the same morning that the shed was burglarized. The owners of the van went in search of their van. They found it in front of the luster house. They found they saw a defendant loading property into it. The owner of the van went back, got his son, came back, found defendant in the van with a screwdriver, photographed him, told him the van belonged to him. Mr. Thomas then unloaded the van, pictures taken. What if there's a doubt about the sufficiency of the evidence? It's resolved in favor of the trier of fact if it's reasonable. All reasonable inferences are drawn in favor of the verdict. I don't see that there's a reasonable doubt here. The property that was taken from the van is the property that came from the shed. It's photographed outside of the van after Mr. Thomas removed it from the van. Mr. Thomas then, while the owner of the van is waiting for the police to arrive, disappears into the backyard where the shed is located. Later that same morning, the owner of the shed is told the shed's open. She goes back and says, all my property's gone. This same property that was loaded out onto the – some of this same property that was loaded out onto the yard is now gone. Mr. Thomas was there. Mr. Thomas loaded property into the van. Mr. Thomas removed property from the van. We can place Mr. Thomas at the scene. When is the last case that this Court has granted habeas based upon insufficiency of the evidence? Off the top of my head, I'm not aware, Your Honor, of when this Court has granted habeas. Did you research that point? I did when I was writing the brief, but off the top of my head, I can't recall. I can't recall that this Court has ever granted a habeas petition based on insufficiency of evidence. Okay. So. And if there are no further questions. I don't think so. No. Thank you. Mr. Weaver. Thank you. On the second issue first, the sufficiency of the evidence, there's a lot of evidence of being in possession of stolen property, receiving stolen property, but the charge was burglary. The question is whether the being in the possession of the stolen property in front of the house establishes that he committed the burglary. That's why I think there's insufficient evidence. But it's not enough. Both federal law and state law say merely being in the possession of the property is not enough. In front of the house? I'll submit it on that issue, Your Honor. With respect to the issue of the third-party culpability, again, it's Mr. Thomas' residence. His wife has the property. The appellant frequents it. I think that that's certainly enough to give rise to the ability to present the evidence that it could have been Kimbrough who committed the burglary. Unless there's any further questions, I think both sides have made their points. Thank you very much. Your argument in that or just arguments that will be submitted? Well, next, your argument in Ratzeronski.
judges: Hug, Ferguson, Rymer